UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW WETZEL | CIVIL ACTION |
| VERSUS | NO. 23-1554 |
| JAMES LEBLANC | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

Petitioner, Andrew Wetzel, is a state prisoner incarcerated at the Bayou Correctional Center in Tallulah, Louisiana. ECF No. 1, at 1. Wetzel filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his conviction for arson in St. Tammany Case No. 472,552. Broadly construing his petition, Wetzel claims that conviction was overturned on June 27, 2022, and he was resentenced after a plea of guilty, which is the conviction he now challenges on four grounds:[1]

(1) The state trial court violated his Sixth Amendment rights when it failed to conduct a *Faretta* hearing before allowing him to proceed *pro se*;
(2) His due process rights were violated because DNA testing will show he is factually innocent;
(3) His due process rights were violated because the state trial court violated his plea agreement by failing to return property, failed to reduce the sentence, and failed to allow him to plea under *Alford* or *Crosby*;
(4) His due process rights were violated because he was not told of his right to remain silent before entering the guilty plea to the multiple offender bill.

In 2015, Wetzel was sanctioned $200 by the United States Fifth Circuit Court of Appeals for his failure to heed court instructions and based on his "history of frivolous, repetitive, and abusive filings."[2] The court further instructed:

> Wetzel is BARRED from filing any pleading in this court or in any court subject to this court's jurisdiction challenging any conviction or sentence until all sanctions

---

[1] ECF No. 1, at 1; *id*. at 5-11.
[2] *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) (unpub.) (referencing prior sanctions and restrictive filing instructions in *Wetzel v. Tanner*, App. No. 13-31061 (5th Cir. Aug. 4, 2014) (unpub.)).

have been paid in full, unless he first obtains leave of court in which he seeks to file such a challenge.[3]

In 2017, the Fifth Circuit repeated its censure with specific reference to Wetzel's arson conviction and noted that Wetzel had by that time been sanctioned $800 for his "frivolous, repetitive, and abusive" habeas filings.[4] As a result of these and similar orders, Wetzel repeatedly has been denied leave to file habeas challenges to his various convictions for his failure to pay the outstanding sanctions and/or prove entitlement to file a habeas petitions without payment of the sanctions.[5]

Upon receipt of the instant filing, on May 10, 2023, I issued an order to Wetzel notifying him of the outstanding sanctions and obligation to seek leave before filing a habeas petition challenging any conviction. ECF No. 3. Wetzel was ordered to either show proof that the sanctions were paid or file a motion for leave to file the current habeas petition. Wetzel's reply to my order fails to do either. ECF No. 4. Instead, Wetzel argues that he does not require leave to file this habeas petition because he is under a new conviction following his June 27, 2022, guilty plea to and resentencing for the 2010 arson charges in St. Tammany Parish Case No. 472,552. *Id.*, ¶1-¶2, at 1; *id.*, ¶4, at 2. He also asserts that he paid the sanctions before his prior release from custody, but he has no proof because the Department of Corrections refused to provide him

---

[3] *Id.* at 2 (emphasis added); *see also Wetzel v. Tanner*, App. No. 13-31061 (5th Cir. Aug. 4, 2014) (unpub.) (addressing prior sanctions and habeas filing restrictions not heeded by Wetzel).
[4] *In re Wetzel*, App. No. 17-90015, at 2 (5th Cir. Aug. 10, 2017) (unpub.).
[5] *See*, *e.g.*, *In re Wetzel*, App. No. 17-90013, at 2 (5th Cir. Aug. 15, 2017) (leave for sanctioned litigant to file denied for failure to raise a nonfrivolous issue); *Wetzel v. Goodwin*, No. 17-5676"N"(1), ECF No. 6 (E.D. La. Dec. 15, 2017) (order denying motion for leave to file and closing case); *see also*, *In re Wetzel*, No. 17-3617"N"(1), ECF No. 7 (E.D. La. Dec. 15, 2017) (same); *In re Wetzel*, No 17-3581"N"(1), ECF No. 4 (E.D. La. Dec. 15, 2017) (same); *In re Wetzel*, No. 17-3570"N"(1), ECF No. 4 (E.D. La. Dec. 15, 2017) (same); *Wetzel v. Goodwin*, No. 17-CV-3559"N"(1), ECF No. 4 (E.D. La. Dec. 15, 2017) (same).

with a copy.  *Id*., ¶3, at 1.  He also suggests that the United States Fifth Circuit clerk of court "can't pro[ve] they weren't paid."  *Id*.

In support of his arguments, Wetzel attached a copy of a Louisiana Supreme Court order denying his Writ Application 2022-KH-01815.  ECF No. 4-1, at 1; *see State v. Wetzel*, No. 2022-KH-01815, 2023 WL 3010889, at *1 (La. 4/18/23).  He also provided a copy of an undated page from a state court transcript which he claims establishes that his conviction and sentence in Case No. 472,552 were vacated and set aside.  *Id*. at 2.

The United States Fifth Circuit's orders are clear that Wetzel's sanctions and restricted filing eligibility apply to challenges to "any conviction or sentence."[6]  There is no exception for "new" convictions, as Wetzel suggests.  In addition, according to the Fifth Circuit's records, Wetzel has a total of $1,000 in sanctions unpaid and outstanding in the following Fifth Circuit cases, each carrying with it a restatement of the bar to the filing of future habeas challenges:

(1) *Wetzel v. Tanner*, App. No. 13-31061, at 2 (5th Cir. Aug. 4, 2014) ($500);
(2) *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) ($200);
(3) *In re Wetzel*, App. No. 17-90014, at 2 (5th Cir. Aug. 10, 2017) ($100);
(4) *In re Wetzel*, App. No. 17-90015, at 2 (5th Cir. Aug. 10, 2017) ($100);
(5) *In re Wetzel*, App. No. 17-90013, at 3 (5th Cir. Aug. 15, 2017) ($100).

Wetzel has failed to establish that he paid the sanctions, and the court's records reflect no payment.  He also failed to provide any reason for the court to grant leave to file this petition without payment of those fines.  Wetzel acknowledges the alternative filing requirements imposed by the United States Fifth Circuit, yet he cannot meet and/or declines to abide by them.[7]

---

[6] *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) (unpub.); *see also*, *In re Wetzel*, App. No. 17-90013, at 3 (5th Cir. Aug. 15, 2017) ("[H]e is barred from filing any pleadings challenging any of his convictions and sentences. . .").

[7] The court need not consider Wetzel's pauper application (ECF No. 2), because he has not established eligibility to file the petition in the first instance.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Andrew Wetzel be **DENIED** leave to file this 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction in St. Tammany Case No. 472,552, and this matter be **CLOSED** by the Clerk of Court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[8]

New Orleans, Louisiana, this 31st day of May, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[8] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).